**In the Matter of PLANKINTON BUILD-ING PROPERTIES, Inc., Debtor.**

**CARNEY, KOESTER & Le BOW v. PLAN-KINTON BUILDING PROPERTIES, Inc.**

No. 6373.

Circuit Court of Appeals, Seventh Circuit.

Oct. 7, 1937.

Martin B. Gedlen, of Milwaukee, Wis., for appellant.

Louis R. Potter, of Milwaukee, Wis., for appellee.

Before EVANS, Circuit Judge.

PER CURIAM.

Now this day come the parties by their counsel and present and file stipulation to dismiss this appeal, which said stipulation is in the words and figures following, to wit: "It is hereby stipulated by and be-tween Martin B. Gedlen, attorney for appellant, Carney, Koester & LeBow, and Louis R. Potter, attorney for the appel-lee, Plankinton Building Properties Inc., that the appeal in the above entitled cause #6373 from an order of the District Court for the Eastern District of Wis-consin may be dismissed without costs to either party."

On consideration, whereof, it is now here ordered, adjudged, and decreed by this court that this appeal be, and the same is hereby, dismissed without costs to either party, pursuant to the foregoing stipulation.

**POSTAL MUTUAL BENEFIT CORPORA-TION, Appellant, v. Jane B. FROST, Appellee.**

No. 7674.

Circuit Court of Appeals, Sixth Circuit.

Oct. 7, 1937.

John H. McNeal and Harley J. Mc-Neal, both of Cleveland, Ohio, for appel-lant.

Pollack & Pollack, of Cleveland, Ohio, for appellee.

Before HICKS, SIMONS, and AL-LEN, Circuit Judges.

PER CURIAM.

It is ordered, pursuant to stipulation of counsel, that the appeal herein be, and the same is, dismissed at the costs of ap-pellant.

**Ardell QUINN, Appellant, v. UNITED STATES of America, Appellee.**

No. 7617.

Circuit Court of Appeals, Sixth Circuit.

Nov. 2, 1937.

Howell Leuck and Marc J. Wolpaw, both of Cleveland, Ohio, for appellant.

E. B. Freed, of Cleveland, Ohio, for the United States.

Before HICKS, SIMONS, and AL-LEN, Circuit Judges.

PER CURIAM.

It appearing that there was substan-tial evidence to support the conviction of appellant upon counts 1, 3, and 5 of the indictment, that the punishment was no more than could have been imposed upon any single count, and that it is therefore unnecessary to consider whether error was committed in overruling the demur-rer and motion to quash count 2 because such error, if any, would not be prejudicial, it is therefore ordered and adjudged that the judgment of the District Court be and is in all things affirmed.